UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Arthur Eugene Graddick, #250313, | ) | C/A No. 9:06-1404-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Stan Burtt; and | ) | |
| Henry McMaster, Attorney General | ) | |
| of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Arthur Eugene Graddick is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of counsel, error in trial court's refusal to relieve his attorney, evidentiary errors at trial, and error relating to Solicitor's cross examination of a defense witness. The petition was filed on May 8, 2006.

Petitioner is serving a sentence of life imprisonment for murder. Petitioner was found guilty by a jury in the South Carolina Court of General Sessions before Judge Costa M. Pleicones in June of 1998. Petitioner appealed to the South Carolina Supreme Court, which affirmed his conviction in *State v. Arthur Eugene Graddick*, 345 S.C. 383, 548 S.E..2d 210 (2001). Petitioner filed an application for post-conviction relief (PCR) on August 21, 2001. An evidentiary hearing was held before Judge R. Markley Dennis on September 10, 2003. Judge Dennis issued an order on December 8, 2003, denying the petition. Petitioner appealed to the South Carolina Supreme Court, which transferred the case to the South Carolina Court of Appeals. Certiorari was denied on April 10, 2006.

1

The remittutur came down on May 1, 2006.

Respondents filed a motion for summary judgment in the case at bar on July 28, 2006. United States Magistrate Judge George C. Kosko issued an order filed July 31, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On August 24, 2006, petitioner filed a response to respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge George C. Kosko filed November 16, 2006. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On November 30, 2006, petitioner filed his objections to the Report. Petitioner argues that he is entitled to relief on the merits of his petition.

## **Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In the case of *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of

counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, rev'd on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced before being entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Accordingly, a reviewing court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Williams v. Taylor*, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. 1998), quoting *Lockhart* at 369-70.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the *Strickland* test. *See Williams v. Taylor*,

3

529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

Petitioner asserts in his objections that his appointed counsel was "constitutionally inept and ineffective" in failing to "alert the jury that the person who identified the petitioner as the shooter could have been 'legally drunk'." (Objections, page 2)   Petitioner also asserts that, under *Strickland*, it is not necessary for him to prove the outcome of the trial would have been different but that there is a reasonable possibility that the outcome could have been different.

The Court finds that the Magistrate Judge utilized the proper standards in analyzing the petitioner's allegations in this case. The Court also agrees that the petitioner has not shown ineffective assistance of counsel in connection with the trial strategy relating to the evidence of significant drinking by the witness, victim, and others in the case. As stated by the Magistrate Judge, "Runyon [trial counsel] emphasized the issue of alcohol consumption before the jury." (Report, page 15). The witness (Scott) who identified the petitioner as the shooter testified that he drank three or four rounds of beer at the disco after midnight and that he later went to another bar, Gregory's, and had drinks. On cross-examination, petitioner's attorney asked the witness how much he had been drinking that night, and he responded that he had three rounds, followed by another round or two at Gregory's. The fact that evidence was not introduced as to the witness' being "legally drunk" was not error and, even if it were found to be error, did not result in prejudice to the defendant.

The record further supports the determination by the South Carolina PCR Court that counsel was not ineffective. The Court finds that the state court's determination is not contrary to, or an unreasonable application of, clearly established law and is not based on an unreasonable determination of the facts in light of the facts presented at the PCR hearing. 28 U.S.C. § 2254(d).

4

**Motion by Petitioner to Relieve Counsel**

Petitioner asserts in his objections that the Magistrate Judge improperly focused on the motion to be relieved as counsel which had been filed by the defense attorney. Instead, he contends that the trial judge erroneously failed to grant his own motion to relieve his attorney.

However, the facts cited by the Magistrate Judge in connection with his review of the evidence at the hearing before the trial court judge apply also to support a finding that the petitioner's motion was properly not granted. The Magistrate Judge indicates that Runyon told Judge Pleicones that he had been retained with "a marginal initial retainer". He indicates that Judge Pleicones questioned petitioner at the hearing on February 27, 1998 concerning whether he wished for Runyon to represent him, after Runyon had stated he was willing to do so. Petitioner then said that Runyon was "a good lawyer". The record also reflects that the South Carolina Supreme Court addressed the issue on direct appeal and found that petitioner only made conclusory statements about his attorney not being prepared for trial and that he did not carry his burden of showing reasons why his attorney should be relieved, shortly before trial. However, the petitioner did not allege in any way at trial that he was not satisfied with his attorney.

The petitioner contends in his objections that he has a constitutional right to fire retained counsel. However, petitioner is incorrect as to this proposition. An attorney may not be relieved as counsel without appropriate court order, and "[t]he Court must weigh the defendant's right to choose counsel against the countervailing state interest in proceeding with prosecutions on an orderly and expeditious basis." *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994). Additionally, the Sixth Amendment does not guarantee that a client and attorney will have a meaningful relationship, just constitutionally adequate representation. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).

**Petitioner's Right to Confront Witnesses under Sixth Amendment**

Petitioner asserts in his objections that he was denied his Sixth Amendment right to confront witnesses because of hearsay testimony by witness Scott. Scott stated that another individual [apparently named Greene] had told Scott that Greene had earlier fired a gunshot into the air at another bar to break up a fight and that Greene fired a shot inside the bar.

This argument lacks merit. There is no violation of the Sixth Amendment right to confrontation because the petitioner was not being accused in the testimony of committing any offense. The witness made it clear that Greene, not Graddick, had fired the shot. (Appendix, p. 78). As indicated below, Greene in fact was called as a witness at trial by the defense. (Appendix, p. 337). Therefore, the defense attorney had the opportunity to examine him. In addition, *Bruton* is not implicated when statements are not facially incriminating. *See Richardson v. Marsh*, 481 U.S. 200 (1987).[1] Moreover, the petitioner has made no showing of prejudice since the statement did not implicate him in the firing of any shots. Finally, the argument that the Sixth Amendment was violated by the testimony was not raised in the trial court and thus cannot be raised as a cognizable federal habeas claim. *See Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (federal question must be presented squarely to the state court).

**Alleged Constitutional Error Relating to Cross-Examination of Witness Regarding Decision to Testify**

Petitioner contends that the prosecutor cannot question a witness about invoking his right not to testify. The defense called witness, David Greene, to the stand. On cross-examination by the Solicitor, he explained that he had originally not planned to testify but that he changed his mind.

---

[1] The direct appeal in the case at bar became final in 2001, before the United States Supreme Court issued its decision in *Crawford v. Washington*, 541 U.S. 36 (2004). The *Crawford* decision was not retroactive. *Whorton v. Bockting*, 127 S.Ct. 1173, 1177 (2007).

Petitioner contends that this line of questioning called attention to his own decision not to testify and that this resulted in prejudice to him. This issue was raised on direct appeal and was rejected by the South Carolina Supreme Court on the basis that "the express purpose of the [State's] questioning was to explain why the State did not call Greene as a witness. Nothing in the record indicates this purpose was a subterfuge." *State v. Graddick* at 377. This argument lacks merit.

Mindful of this Court's deferential standard of review set forth in 28 U.S.C. § 2254 (d), this Court agrees with the analysis of the Magistrate Judge.

## Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 27, 2007
Florence, SC